FILED

**NOT FOR PUBLICATION**

JUN 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-36173 |
| Plaintiff - Appellee, | D.C. Nos. 3:11-cv-00140-TMB |
| v. | 3:09-cr-00034-TMB-JDR-1 |
| SABIL M. MUJAHID, | District of Alaska, Anchorage |
| Defendant - Appellant. | ORDER |

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

The memorandum disposition in this case that was filed on May 26, 2015, is amended as follows:

On page 3, lines 1-3, the sentence is amended to state: "Even if the Witness's credibility had been further undermined and substantive evidence of his criminal activity had been presented, we are confident that the jury would have convicted Mujahid, in light of the very strong evidence that he knowingly possessed a firearm." The amended disposition is submitted for filing along with this order.

With that amendment, the petition for panel rehearing is denied.  No further petitions shall be entertained.

FILED

**NOT FOR PUBLICATION**

JUN 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-36173 |
| Plaintiff - Appellee, | D.C. Nos. 3:11-cv-00140-TMB |
| v. | 3:09-cr-00034-TMB-JDR-1 |
| SABIL M. MUJAHID, | |
| Defendant - Appellant. | AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted May 12, 2015
Anchorage, Alaska

Before:    CANBY, BYBEE, and WATFORD, Circuit Judges.

Sabil Mujahid appeals from the district court's order denying his 28 U.S.C.

§ 2255 motion, following his 2009 jury trial conviction for being a felon in

possession of a firearm. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

We review the district court's denial of a 28 U.S.C. § 2255 motion and all

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

questions of law *de novo*. *See United States v. Olsen*, 704 F.3d 1172, 1178 (9th Cir. 2013). We review the district court's factual findings for clear error. *See United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003). We affirm the order of the district court.

Mujahid contends that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by withholding several pieces of evidence relating to a principal witness ("the Witness"), who was called by the defense to testify after the government elected not to call him. His testimony was largely but not entirely adverse to the defense. The evidence not furnished by the prosecution related to ongoing investigations into the Witness's criminal and civil wrongdoing, his cooperation with the government's investigation of Mujahid, and his attempts to avoid prosecution in other matters in exchange for his cooperation.

Even without making adjustments for the fact that it was Mujahid, not the government, that put the Witness on the stand, we conclude that there was no material violation of *Brady* or *Giglio*. There is no reasonable probability that the outcome of the trial would have been different had the additional evidence been disclosed. Using other evidence disclosed by the prosecutor, Mujahid was able sufficiently to impeach the Witness, and the jury was instructed to view his

13-36173

testimony with caution. Even if the Witness's credibility had been further undermined and substantive evidence of his criminal activity had been presented, we are confident that the jury would have convicted Mujahid, in light of the very strong evidence that he knowingly possessed a firearm. Accordingly, despite the government's failure to disclose certain pieces of evidence, Mujahid received a "trial resulting in a verdict worthy of confidence." *See Olsen*, 704 F.3d at 1185 (internal quotation marks omitted).

Mujahid also contends that the prosecutor violated *Napue v. Illinois*, 360 U.S. 264 (1959), by failing to correct the Witness's false testimony during trial regarding whether the Witness used or purchased drugs, and whether he testified with the expectation of leniency in matters beyond his pending ammunition case. Under Ninth Circuit Rule 22-1(e), uncertified issues raised on appeal "will be construed as a motion to expand the COA." So construed, we grant the motion because Mujahid has shown this issue to be debatable among reasonable jurists. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nevertheless, upon thorough review of the record, we agree with the district court that Mujahid failed to prove that the testimony in issue was material.

The Witness's denial of purchase of drugs arose in questioning about his personal use of prescription and other drugs. There is no showing that the Witness was personally using other drugs or that the prosecution knew he was doing so.

The prosecution cross-examined the Witness on the facts that he had been indicted on the charge of purchasing ammunition for Mujahid, that he had been granted immunity for his testimony, and that he had been told that if he testified falsely the immunity would not protect him. The prosecutor's ensuing question was whether the "whole idea" of sitting down to talk with the prosecution in that discussion had been to influence the government's recommendation on his sentence in the ammunition case. But the Witness's affirmative answer did not create any reasonable likelihood of an effect on the verdict, or deprive Mujahid of a fair trial. *See United States v. Rodriguez*, 766 F.3d 970, 990 (9th Cir. 2014).

**AFFIRMED.**